UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:21-CR-15-REW-EBA-1 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MADISON L. BALO, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 50 (Rearraignment Minute Entry), Magistrate Judge Atkins recommended that the undersigned accept Defendant Madison L. Balo's guilty plea and adjudge her guilty of Counts One, Three, and Nine of the Indictment. *See* DE 51 at 2 (Recommended Disposition); *see also* DE 55 at 1 (Plea Agreement). Judge Atkins expressly informed Defendant of her right to object to the Recommended Disposition to secure *de novo* review. *See* DE 51 at 3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 51, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Counts One, Three, and Nine of the Indictment (DE 1);

2. The Court, based on the Plea Agreement (¶ 13) and the Recommendation, enters a preliminary forfeiture money judgment against Defendant in the stipulated amount of $1,200.00, given the Count 1 conviction and the established nexus. The Court will make the judgment final at sentencing, subject to intervening orders;

3. The Court **CANCELS** the jury trial in this matter as to this defendant only; and

4. The Court will issue a separate sentencing order.[1]

This the 11th day of April, 2022.

Signed By:
Robert E. Wier
United States District Judge

---

[1] Upon concluding the hearing, Judge Atkins determined that Balo remain on bond subject to the same conditions previously imposed. *See* DE 51 (Rearraignment Minute Entry); *see also* DE 26 (Order Setting Release Conditions); DE 25 (Initial Appearance and Arraignment Minute Entry). This was Balo's release status pending trial. *See* DE 25; DE 34. Subject to intervening orders, she will be on bond pending sentencing.